UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| vs. | : (JUDGE MANNION) |
| | : |
| WALTER KENNETH PARFAITE, | : |
| Defendant | : NO. 3:21-CR-00056 |

*************************************************************************

**DEFENDANT, WALTER KENNETH PARFAITE'S
OMNIBUS MOTION FOR PRE-TRIAL RELIEF**

Defendant, Walter Kenneth Parfaite, by his undersigned counsel, seeks Pre-Trial Relief from this Honorable Court and in support, sets forth:

1. Defendant, Walter Kenneth Parfaite, is an adult individual detained at the Lackawanna County Prison, 1371 North Washington Avenue, Scranton, Pennsylvania 18509.

2. On March 3, 2021, a grand jury returned a seven-count Indictment against Defendant, Walter Kenneth Parfaite, and Co-Defendant, Matthew Luce. Count 1 charges the Defendant with conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture containing methamphetamine, and 100 grams or more of a mixture containing heroin, in violation of Title 21, United States Code, Section 846. Count 6 charges Defendant with possession with intent to distribute methamphetamine in violation of Title 21, United States Code, Section 841(a)(1). Count 7 charges Defendant with possession with intent to distribute heroin in violation of Title 21, United States Code, Section 841(a)(1). The Indictment also contains a forfeiture allegation.

3. On or about March 12, 2021, Defendant, Walter Kenneth Parfaite, was arraigned before the Honorable Karoline Mehalchick, United States Magistrate Judge, and entered a plea of "Not Guilty" to the charges.

## COUNT I
## MOTION FOR DISCOVERY

4. Paragraphs 1 through 3, inclusive, are incorporated herein by reference as though the same were here set forth at length.

5. Defendant moves for the following discovery and inspection under Rule 16 and the Constitution and laws of the United States:

   a. All written or recorded statements by Defendant, or copies thereof, including, statements made by Defendant to any government agents. Fed. R. Crim. P. 16(a)(1)(A).

   b. The substance of all oral statements made by Defendant, whether before or after the Indictment, the Government intends to offer in evidence whether in its case-in-chief, cross-examination, or rebuttal, in response to interrogation by any person then known to be a government agent. Fed. R. Crim. P. 16(a)(1)(A).

   c. Any statement, confession, or admission, relating directly or indirectly to the charges, made by Defendant to investigation officers or to third parties. This request includes any statement or admission which may have been incorporated into any report, memorandum, transcript, or other document or recording prepared by federal, state, or local government agents or attorneys, or by any other person working with such agents or attorneys.

6.  All arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements and prosecution reports pertaining to Defendant. Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(b)(4).

7.  All documents reflecting or relating to any photographic identification procedures utilized by government agents, and all photographs, videotapes or other materials used to memorialize the extensive surveillance done in this case.

8.  All evidence seized because of any search in this case, including all documents and tangible objects, including clothing, notes, books, papers, documents, and photographs, obtained from, or belonging to, Defendant. Fed. R. Crim. P. 16(a)(1)(E). This request includes all books, documents, photographs, or tangible objects seized and taken on or about February 23, 2021, from the search of Room No. 3 of the Paramount Motel, 2220 Milford Road, East Stroudsburg, Pennsylvania 18301, including any police body-worn camera video footage showing the search of the motel room. The Government has not provided the Return of Service and Inventory pertaining to this search, and Defendant moves for production of the inventory of items seized, as well as any motel registries or guest records seized and taken from the Paramount Motel and all evidence obtained from the search of Amy Beth Gearhart's red Toyota Yaris, bearing Pennsylvania Plate: KSNI540.

9.  All documents which the Government intends to use at trial as evidence in its case-in-chief. Fed. R. Crim. P. 16(a)(1)(E). This includes not only those items which will be marked and offered into evidence, but also those documents which will be relied upon or referred to by any witness called by the Government during its case-in-chief.

10.     All documents material to the preparation of the defense. Fed. R. Crim. P. 16(a)(1)(E). This request includes, but is not limited to:

    a.     Transcripts of and "real time" copies of all audio tape and video tape recordings relevant to the defense of this case, whether made by the Government or private individuals. This includes, but is not limited to:

        (i)     Any tape-recorded conversations on which Defendant was recorded;

        (ii)     Any tape-recorded conversations on which there is any reference to the Defendant; and

        (iii)     Any tape-recorded conversations of the people who the Government alleges are co-conspirators, including all intercepted conversations or consensually recorded conversations on which the Co-Defendant, Matthew Luce, was recorded.

    b.     All physical evidence recovered during the Government's investigation.

    c.     All documents reflecting or relating to the chain of custody of physical evidence, including the chain of custody for all suspected controlled substances recovered during the Government's investigation.

11.     All documents reflecting or relating to results or reports of physical or mental examinations, scientific tests or experiments, or copies thereof, which were conducted in connection with any investigation of the charges in the Indictment, Fed. R. Crim. P. 16(a)(1)(F), including but not limited to:

    a.     All writing exemplars and handwriting samples of Defendant, opinions of handwriting experts, handwriting or document analysis, and all documents used in such analyses;

    b.     All fingerprints and palmprint exemplars, fingerprint samples, comparisons and opinions of fingerprint experts, and all documents that relate to those opinions;

    c.    All voice exemplars taken in connection with investigations concerning the tape-recorded conversations requested in paragraph 10, above;

    d.    All forensic tests performed upon any mobile devices seized or searched by law enforcement, and all digital evidence acquired, recovered, or extracted from all devices, including Kayla Fields' Motorola cellular telephone, Ashely Grimes' Apple iPhone, and Amy Gearhart's Samsung cellular telephone, Matthew Luce's Apple iPhone in a silver case, and an LG K31 Rebel Smartphone.

    e.    All enhancements of audio or video tape recordings, and copies of any such enhanced recordings; and

    f.    All scientific comparisons and tests including, but not limited to, all reports of laboratory analysis of suspected controlled substances recovered during the Government's investigation.

12.    Pursuant to *Brady v. Maryland*, and its progeny, including *United States v. Agurs*, 427 U.S. 96 (1976), *Giglio v. United States*, 405 U.S. 105 (1972), and *United States v. Bagley*, 469 U.S. 1016 (1985), all exculpatory or impeaching material or information in the Government's possession, custody, or control, otherwise known to the Government or by exercising due diligence may become known, and all documents reflecting or relating to such material or information, including, without limitation:

    a.    All documents, records or information including cooperation agreements and plea agreements revealing arrests, prior criminal convictions, guilty verdicts, or juvenile adjudications, of any person whom the Government may call as a witness;

b.  All documents, records and information revealing the character, reputation for untruthfulness or dishonesty, prior or subsequent misconduct, criminal acts, or bad acts of each such person;

c.  All consideration or promises of consideration given during the investigation and preparation of this matter by any law enforcement officials, including government agents, police, or informers, to each such person. Such "consideration" refers to anything which arguably could be of value or use to such person, including but not limited to formal or informal, direct or indirect, leniency; favorable treatment or recommendations or other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, administrative or other matter involving the state or federal government, any other authority, or other parties; civil, criminal or tax immunity grants; relief from forfeiture; payments of money, rewards or fees, witness fees and special witness fees; provisions of food, clothing, transportation, legal services or other benefits; placement in a "witness protection" program; letters to anyone informing the recipient of the witness' cooperation; recommendations concerning licensing, certification or registration; promises to take affirmative action to help the status of such person in a profession, business or employment; promises not to jeopardize such status; aid or efforts in securing or maintaining the business or employment of such person; and anything else which arguably could reveal an interest, motive or bias of such person for the prosecution or against any Defendant or Co-Defendant or which could act as an inducement to testify or to color his/her testimony;

d. All statements–formal or informal, oral, or written– by the Government to any such person (including counsel for such persons) pertaining to the possible or likely course or outcome of any government action – state or federal, civil, or criminal – or immigration matters against such person, or any related by blood or marriage to such person;

e. Any threats, express or implied, direct or indirect, or other coercion directed against any such person (including counsel for such person) related to criminal prosecutions pending or which could be brought against any such person; any probationary, parole, deferred prosecution or custodial status of any such person; and any civil, tax court, court of claims, administrative, or other pending or potential legal disputes or transactions involving any such person and the state or federal government or over which the state or federal government has real, apparent or perceived influence;

f. A list of all requests, demands or complaints made to the Government by any such person (including counsel for such person) which arguably could be developed on cross-examination to demonstrate any hope or expectation by such person for favorable governmental action in his behalf (whether or not the Government has agreed to provide any favorable action);

g. All material not otherwise listed which reflects or evidences either the motivation of any such person to cooperate with the Government or any bias or hostility against the Defendant or Co-Defendant;

h. All dates on which any such person has testified or made statements before any court, grand jury, or any tribunal body, or otherwise officially narrated in relation

to the Defendant or Co-Defendant, the investigation or the facts of this case and the documents such as transcripts, memoranda, and notes of the person's testimony or statement;

i. A list of all judicial proceedings in any civil or criminal cases involving (as a witness, unindicted co-conspirator, aider or abettor, or defendant) any such person;

j. All statements or documents, including but not limited to aliases, grand jury testimony and federal, state, and local tax returns made or executed by any such person, which the prosecution knows or, through reasonable diligence, should have reason to know is false;

k. All dates on which any such person who is or was an informer, accomplice, co-conspirator, or expert has testified or made statements before any court, grand jury, or tribunal body;

l. All medical and psychiatric reports known to the Government, or which can reasonably be known to the Government about any such person which may arguably affect that person's credibility or ability to perceive, relate, or recall events;

m. All written or oral statements, whether or not reduced to writing, made by any such person which contradicts or is inconsistent with or different from other oral statements he has made,[1] and any such statements made by any person, whether a

---

[1] This request includes any interviews or grand jury testimony of such person where he or she did not inculpate Defendant in the criminal activity charged in the Indictment or implicated him in a manner inconsistent with how he or she presently implicates Defendant.

        witness or not, which contradicts, or is inconsistent with or different from any statement made by a potential prosecuting witness;

n.     All requests prepared by the prosecution for permission to grant immunity or leniency for any such person, whether or not such request was granted.

o.     All documents, records and/or information about any such persons which arguably could be helpful or useful to the defense in impeaching or otherwise detracting from the probative force of the Government's evidence;

p.     All exculpatory testimony given before the grand jury by any person;

q.     The same documents, records and information described in the preceding requests in this section regarding each non-witness declarant whose statements may be offered in evidence. See Fed. R. Evid. 806;

r.     The names and addresses of all persons whom the prosecution, its agents, or representatives, believe has relevant knowledge and/or information with reference to the charges in the Indictment but whom the prosecution does not propose to call as a witness;

s.     All documents and records of law enforcement agencies reflecting interdepartmental disciplinary action taken against any law enforcement official who will testify;

t.     All unsuccessful attempts by government agents or informants to discover evidence of criminal activity by Defendant or Co-Defendant;

u.     The Defendant specifically moves for tapes of any intercepted conversations or consensually recorded conversations, including tape-recorded conversations between Co-Defendant, Matthew Luce, and Confidential Witness #1, Confidential

        Witness #2 and/or any third parties, which may be material to the defense as supporting a defense that Defendant was not a member of the conspiracy alleged in the Indictment or had withdrawn from such conspiracy or which may be inconsistent with the testimony of prosecution witnesses or with the theory of prosecution;

    v.    Evidence of all unsuccessful attempts by undercover government agents or by informants to discover evidence of criminal activity by the Defendant.

13.    Pursuant to the Fifth and Sixth Amendments to the United States Constitution, Fed. R. Crim. P. 16(a)(1)(D), and Fed. R. Evid. 403 and 404(b), Defendant requests that the Government disclose all evidence of other or similar crimes, wrongs, or acts, allegedly committed by Defendant or a Co-Defendant, upon which the Government intends to rely to prove motive, scheme, opportunity, intent, preparation, plan knowledge, identity, absence of mistake or accident, "background of the conspiracy" or for any other purpose.

14.    The name, current address, and telephone number of each witness the Government intends to call at trial who will be offering "expert" testimony, including any law enforcement personnel who will offer such testimony.  For each witness, the Defendant requests:

    a.    A detailed biography or resume;

    b.    Copies of all documents, records or other materials used in reaching his or her opinion;

    c.    Copies of all computation sheets, work papers, reports, charges, ledgers, rough notes, or other documents prepared by the witness in connection with his or her analysis; and

    d.    The title, case number and court of any case in which the witness has testified.

15. All statements required to be produced under 18 U.S.C. § 3500, including but not limited to handwritten and other informal notes or interviews.

16. All evidence that indicates that any person who is a government witness or prospective government witness is or was suffering from any physical or mental disability or emotional disturbance, drug addiction or alcohol addiction during the period of the Indictment to the present.

17. Defendant requests that the Government disclose the empanelment and adjournment dates of each grand jury that heard evidence about this case, the instructions provided to the grand jury before the Indictment was returned, and the voting record and transcript of the return in open court of the Indictment.

18. Defendant requests the Government disclose all evidence and information that may result in a lower sentence under the Guidelines.

WHEREFORE, Defendant, Walter Kenneth Parfaite, respectfully requests the Court to grant his motion for discovery and order production of the foregoing information.

**COUNT II**
**MOTION FOR SEVERANCE OR SUPPRESSION OF**
**CO-DEFENDANT'S STATEMENTS**

19. Paragraphs 1 through 18, inclusive, are incorporated by reference as though the same were here set forth at length.

20. Following the execution of a search warrant on February 23, 2021, at the Paramount Motel, Room No. 3, 2220 Milford Road, East Stroudsburg, Pennsylvania, law enforcement officers arrested and interrogated Co-Defendant, Matthew Luce.

21. Defendant is informed and believes that Co-Defendant, Matthew Luce, has made, or may have made, statements and/or admissions and/or confessions, outside the presence of the Defendant which implicate Defendant. Such statements are prejudicial to Defendant and are not admissible against this Defendant.

22. Defendant believes and therefore avers that counsel for the Government will attempt to introduce into evidence at trial the said statements, admissions and/or confessions made by Co-Defendant, Matthew Luce.

23. Defendant further believes and therefore avers that Co-Defendant, Matthew Luce, will not testify, and therefore, if the statements, admissions and/or confessions are introduced in the context of a joint trial, Defendant will be deprived of his right of confrontation and cross-examination as guaranteed to him by the Sixth Amendment of the Constitution of the United States.

WHEREFORE, Defendant, Walter Kenneth Parfaite, respectfully requests the Court to enter an Order separating the trial of these defendants and/or to issue an Order suppressing or excluding from trial any statements made by Co-Defendant, Matthew Luce, where the Defendant was not present, and which are prejudicial to the Defendant.

## COUNT III
## MOTION TO SUPPRESS STATEMENTS OF DEFENDANT

24. Paragraphs 1 through 23, inclusive, are incorporated by reference as though the same were here set forth at length.

25. Defendant moves to suppress and prohibit the Government's use as evidence all written or oral statements made by Defendant to law enforcement agents while in custody on February 23, 2021.

26. The grounds for suppression are the statements were obtained from Defendant: (a) by coercion, and improper influence and/or subterfuge; (b) in violation of his right to counsel; and (c) because of his unlawful detention as much as he was not accurately advised of his rights and did not voluntarily, knowingly, and intelligently waive his rights.

WHEREFORE, Defendant, Walter Kenneth Parfaite, respectfully requests the Court to order that all statements made by Defendant be suppressed and to further order and direct that the Government be prohibited from introducing any statements or evidence relative or in reference thereto, at any future proceedings.

## COUNT IV
## MOTION FOR DISCOVERY OF CO-DEFENDANT AND CO-CONSPIRATOR STATEMENTS

27. Paragraphs 1 through 26, inclusive, are incorporated by reference as though the same were here set forth at length.

28. Defendant moves the Court for an Order directing the Government to disclose any statements made by co-conspirators that the Government intends to offer against him under Fed. R. Crim. P. 801(d)(2)(E), including:

    a. Relevant written or recorded statements made by any co-defendant or claimed co-conspirator, indicated or unindicated, that are in the Government's possession, custody, or control, or that through due diligence may become known to the Government; and

    b. The substance of any oral statements that the Government intends to offer in evidence made by any co-defendant or claimed co-conspirator, indicted or unindicted, before or after arrest, in response to interrogation by any person

known to the declarant to be a government agent.

WHEREFORE, Defendant, Walter Kenneth Parfaite, respectfully requests an Order permitting inspection and copying of co-conspirator or co-defendant statements.

### COUNT V
### MOTION FOR SEPARATE HEARING TO DETERMINE EXISTENCE OF CONSPIRACY FOR INVOCATION OF RULE 801(D)(2)(E), F.R. EVID.

29. Paragraphs 1 through 28, inclusive, are incorporated by reference as though the same were here set forth at length.

30. Defendant believes and therefore avers that the Government's evidence about the acts and declarations of Defendant cannot establish his alleged participation in the conspiracy charged in the Indictment.

31. The declarations of the other alleged co-conspirator(s), including alleged co-conspirator statements captured on state and federal wiretaps, should not be admitted into evidence at trial unless the Government first establishes, based on Defendant's own acts and declarations, he was a participant in the alleged conspiracy and the conduct charged in the Indictment is in furtherance of said conspiracy.

32. Defendant moves this Honorable Court conduct a "*James* hearing" to determine the admissibility of any co-conspirator's statements which the Government intends to introduce under the "co-conspirator's exception" to the hearsay rule (Rule 801(d)(2)(E), F.R. Evid.) and that at the hearing, prior to trial and out of the presence and hearing of the jury, the Government must establish by competent credible evidence independent of any hearsay declarations sought to be admitted under Rule 802(d)(2)(E), F.R. Evid., the following beyond a reasonable doubt:

    a.    That a conspiracy existed;

    b.    That the Defendant voluntarily joined said conspiracy; and

    c.    That said statements sought to be admitted were, when they were made, in fact, made "during the course" and "in furtherance of" the conspiracy.

33.    The Court should require the Government to satisfy this Court beyond a reasonable doubt, of the existence of the conspiracy and Defendant's participation therein, and that the statements were made "during the course" and "in furtherance" of that conspiracy, when they were made, before admitting any such statements of co-conspirators under Rule 801(f)(2)(3), F.R. Evid., before the jury.  Further, the Government, its counsel, and its witnesses, should be instructed to refrain from eliciting, volunteering, or referring to any such hearsay statements until such hearing is conducted out of the presence of the jury and this Court has ruled on same.

    WHEREFORE, Defendant, Walter Kenneth Parfaite, respectfully requests this Honorable Court hold a "*James* hearing" outside of the presence of the jury under Rule 104(a) and (c), F.R. Evid., to determine whether beyond a reasonable doubt a conspiracy existed and that these defendants were willing participants and that the statements were made "during the course" and in furtherance of that conspiracy, before admitting any co-conspirator's statements, under Rule 801(d)(2)(E), F.R. Evid., before the jury.

### COUNT VI
### MOTION FOR DISCLOSURE OF INDENTIFYING INFORMATION REGARDING CONFIDENTIAL WITNESS #1 AND CONFIDENTIAL WITNESS #2

34.    Paragraphs 1 through 33, inclusive, are incorporated by reference as though the same were here set forth at length.

35. Defendant moves for the disclosure of identifying information regarding Confidential Witness #1 ("CW #1") because he/she is a percipient witness regarding the conspiracy count.

36. Defendant also moves for the disclosure of identifying information regarding the Confidential Witness #2 ("CW #2") because, while this source of information does not appear to be a percipient witness regarding the conspiracy count, he/she could lead to first-hand source or circumstantial evidence which would be helpful in preparing the defense to the conspiracy charged in Count 1 of the Indictment.

WHEREFORE, Defendant, Walter Kenneth Parfaite, requests the Court to order the disclosure of confidential informant information to ensure his due process right to a fair trial.

## COUNT VIII
## MOTION IN LIMINE TO EXCLUDE MOTEL ROOM SEARCH PHOTOGRAPHS

37. Paragraphs 1 through 36, inclusive, are incorporated by reference as though the same were here set forth at length.

38. The government has disclosed photographs taken by law enforcement officers on or about February 23, 2021, after the execution of a search warrant at the Paramount Motel, Room #3, 2220 Milford Road, East Stroudsburg, Pennsylvania. The photographs depict the motel room where Defendant, Co-Defendant, and five others, were arrested and suspected controlled substances, drug paraphernalia and currency were found.

39. The photographs contain no date stamps or time stamps and do not fairly and accurately depict the condition of the motel room at the time of entry of police officers and the arrest of Defendants and others.

40. The photographs seem to depict the motel room after the police searched the room, opened bags, containers and clothing, and moved evidence from its original location at the scene.

41. Suspected controlled substances, drug paraphernalia, currency and other items found in bags, containers and/or clothing are depicted on the motel room beds and dressers. The items seem to have been placed in close proximity to each other for the sole purpose of taking photographs.

42. These photographs do not fairly or accurately depict the condition of the premises before officers searched the motel room, emptied the contents of bags, containers and clothing onto the beds and dressers, and moved certain inculpatory items from their original locations, and therefore, the photographs should not be admissible at trial.

43. Exclusion of the photographs of the motel room search is requested and warranted because the photographs are not date stamped or time stamped, and they are not correct resemblances or truthful representations and are confusing and unfairly prejudicial. (Fed. R. Evid. 103, 901).

WHEREFORE, the Defendant, Walter Kenneth Parfaite, requests the Court to preclude the Government from using or introducing the photographs of the motel room search at trial.

Respectfully Submitted,

RINALDI & POVEROMO, P.C.


BY: <u>s/Carl J. Poveromo</u>
    Carl J. Poveromo, Esquire
    Court-Appointed CJA Counsel for
    Defendant, Walter Kenneth Parfaite
    Attorney I.D. No. 44713

    520 Spruce Street
    Scranton, PA 18503
    Telephone: (570) 346-7441
    Facsimile: (570) 346-8170
    cjp@lawinpa.com