UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 3:21-CR-056 |
| | ) | |
| v. | ) | (Judge Mannion) |
| | ) | |
| MATTHEW LUCE, a/k/a "Luck," | ) | (Filed Under Seal) |
| WALTER KENNETH PARFAITE, | ) | |
| a/k/a "Kenny" | ) | |
| Defendants. | ) | |

## MOTION IN LIMINE

AND NOW, comes the United States Attorney's Office, through James M. Buchanan, Assistant United States Attorney, and files this Motion in Limine:

1. On March 3, 2021, an Indictment was filed charging the defendants with violations of Conspiracy to Distribute Methamphetamine and Heroin, in violation of Title 21, United States Code, Section 846, Possession with Intent to Distribute Methamphetamine, in Violation of Title 21, United States Code, Section 841(a)(1), and Possession with Intent to Distribute Heroin.  Defendant Luce is further charged, in the same indictment, with an additional three counts of Distribution and Possession with Intent to Distribute Methamphetamine and an additional count of Distribution and

Possession with Intent to Distribute Heroin, all violations of Title 21, United States Code, Section 841(a)(1).

2. On March 12, 2021, the defendants appeared separately before the Honorable Karoline Mehalchick and entered pleas of not guilty. Trial is currently scheduled for November 15, 2021.

3. Motion in Limine:

   a. As an initial matter, the government is hereby providing notice to the defendants and the Court that, if the defendants testify at trial, on their own behalf, the government intends to introduce evidence on cross examination of their prior felony convictions from the prior ten (10) years, dated from the time of conviction or the defendants' release from imprisonment, whichever is later. If the defendants deny their prior convictions, the government reserves the right to call rebuttal witnesses to introduce objective evidence of the convictions.

   b. Specifically, should defendant Luce testify, the Government, pursuant to Federal Rule of Evidence 609, intends to introduce evidence that:

    i. On November 7, 2007, the defendant Luce pleaded guilty to Aggravated Assault and Recklessly Endangering Another Person in the Monroe County Court of Common Pleas.  Defendant Luce was sentenced on March 13, 2008 to between 2 years and 6 months to five years imprisonment. The Government is only seeking to impeach defendant Luce with the fact of this conviction and not the crime of conviction.

    ii. On December 10, 2019, defendant Luce pleaded guilty to Criminal Trespass in the Monroe Count Court of Common Pleas and was sentenced to between 16 to 48 months of imprisonment.

    iii. On December 10, 2019, defendant Luce pleaded guilty to Burglary and was sentenced to 2 years' probation.

    iv. At the time of the alleged offenses charged in the Indictment, defendant Luce was on state probation.

c. At trial, should defendant Parfaite testify, the Government, pursuant to Federal Rule of Evidence 609, intends to introduce evidence that:

   i. On February 14, 2012, defendant Parfaite pleaded guilty to Conspiracy to commit Criminal Trespass. Defendant Parfaite was sentenced on March 30, 2012, to one month imprisonment and 12 months of probation. On February 28, 2013, defendant Parfaite was re-sentenced to 6 months imprisonment for a probation violation.

  ii. On August 27, 2014, defendant Parfaite pleaded guilty to Theft by Unlawful Taking (Third Degree Felony) and was sentenced to between 3 months to 1 year in prison.

 iii. On May 30, 2019, defendant Parfaite was sentenced to between 4 to 12 months imprisonment in the Monroe County Court of Common Pleas after a conviction for Theft by Unlawful Taking. Defendant Parfaite received immediate parole and 1 year of probation supervision.

  iv. On July 16, 2019, defendant Parfaite was sentenced to between 2 to 36 months imprisonment after a

     conviction for Receiving Stolen Property in the Monroe County Court of Common Pleas.

  v. At the time of the alleged offenses charged in the Indictment, defendant Luce was on state probation.

d. Second, the government does not intend at this time to present any other evidence of prior bad acts[1] of the defendants that would require disclosure under Rule 404(b). Should any new evidence falling under the mandate of the Rule come to light, the government will immediately provide the appropriate notice.

WHEREFORE, the Government submits this Motion in Limine.

Respectfully submitted,

BRUCE D. BRANDLER
Acting United States Attorney

Dated: October 7, 2021

/s/ James M. Buchanan
James M. Buchanan
Assistant U.S. Attorney
235 N. Washington Ave, Suite 311
Scranton, PA 18503
(570) 348-2812 (office)

---

[1] The Government does intend to introduce evidence of bad acts that are intrinsic the charged conspiracy, but not necessarily charged as substantive acts, namely the defendants' possession with intent to distribute controlled substances, their distribution of controlled substances, and statements made by the defendants, either orally or electronically, concerning the possession and distribution of controlled substances.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 3:21-CR-056 |
| | ) | |
| v. | ) | (Judge Mannion) |
| | ) | |
| MATTHEW LUCE, a/k/a "Luck," | ) | (Filed Under Seal) |
| WALTER KENNETH PARFAITE, | ) | |
| a/k/a "Kenny" | ) | |
| Defendants. | ) | |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers. That on October 7, 2021, she served a copy of the attached

### MOTION IN LIMINE

by ECF filing upon:

Brandon R. Reish, Esquire
Carl J. Poveromo, Esquire

                                          Christina Nihen
                                          CHRISTINA NIHEN
                                          Legal Assistant