UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 3:21-CR-056 |
| | ) | |
| v. | ) | (Judge Mannion) |
| | ) | |
| MATTHEW LUCE, a/k/a "Luck," | ) | (Filed Under Seal) |
| WALTER KENNETH PARFAITE, | ) | |
| a/k/a "Kenny" | ) | |
| Defendants. | ) | |

### GOVERNMENT'S BRIEF IN SUPPORT OF ITS MOTION IN LIMINE TO ADMIT CRIMINAL HISTORY PURSUANT TO FEDERAL RULE OF EVIDENCE 609

COMES NOW, the United States of America, by and through its attorneys, Bruce D. Brandler, Acting United States Attorney for the Middle District of Pennsylvania, and James M. Buchanan, Assistant United States Attorney, and submits this Brief in Support of its Motion *in Limine* to admit portions of the defendants' criminal histories pursuant to F.R.E. 609.

## I.   PROCEDURAL HISTORY

1. On March 3, 2021, an Indictment was filed charging the defendants with violations of Conspiracy to Distribute Methamphetamine and Heroin, in violation of Title 21, United States

1

Code, Section 846, Possession with Intent to Distribute Methamphetamine, in Violation of Title 21, United States Code, Section 841(a)(1), and Possession with Intent to Distribute Heroin.  Defendant Luce is further charged, in the same indictment, with an additional three counts of Distribution and Possession with Intent to Distribute Methamphetamine and an additional count of Distribution and Possession with Intent to Distribute Heroin, all violations of Title 21, United States Code, Section 841(a)(1).

On March 12, 2021 the defendants appeared separately before the Honorable Karoline Mehalchick and entered pleas of not guilty.  Trial is currently scheduled for November 15, 2021.

### III.  FACTUAL BACKGROUND[1]

Beginning in January of 2021, detectives from the Monroe County District Attorney's Office ("MCDA") as well as agents and Task Force officers with the Federal Bureau of Investigation ("FBI") began

---

[1] The "Factual Background" is derived from reports of the Monroe County District Attorney's office, the Federal Bureau of Investigation, interviews with witnesses, review of electronic data recovered from this case, and other information.  However defense counsels and defendant are cautioned that trial preparation is ongoing and may reveal additional facts not contained therein.

investigating reported sales of methamphetamine in Monroe County. On January 6, Detective Kim Lippincott of the MCDA ("Det. Lippincott") met with a confidential informant ("CI"), who identified Matthew Luce, a/k/a "Luck", ("Luce") as his/her source of methamphetamine.

## UN-RECORDED BUY

On January 6, 2021, the CI conducted a controlled purchase of methamphetamine from Luce from Luce's hotel room at the Quality Inn in East Stroudsburg, PA. The CI arranged for the purchase at the hotel, but the call was not recorded. At the hotel, investigators observed Luce exit the rear of the hotel and meet with the CI. The CI then met with investigators and provided a bag of methamphetamine which the CI had purchased from Luce.

## FIRST RECORDED BUY

On January 8, 2021, the CI arranged to purchase methamphetamine and heroin from Luce during a recorded phone call. During the phone call, Luce stated he would sell the CI, "a ball and a bunny," meaning an eight-ball of methamphetamine and a bundle (10

3

bags) of heroin. Luce also stated that the CI should come to Dalton Lane in Chestnuthill Township. Later that day, the CI met with LUCE in the CVS pharmacy parking lot at State Road and Route 115 in Chestnuthill Township, Monroe County, PA. Investigators searched the CI prior to the sale and provided $180 in pre-recorded buy money to the CI. A blue pickup truck, PA # ZLK3090 (registered to a George Schlect who resides at 113 Dalton Lane, Chestnuthill, PA) pulled into the parking lot with Luce in the front passenger seat. Investigators observed Luce open the door, receive money from the CI and give the CI drugs in exchange. The CI then provided a quantity of methamphetamine and heroin to the investigators.

## SECOND RECORDED BUY

On February 17, 2021, the CI again arranged with Luce to purchase methamphetamine via recorded call. Luce informed the CI that he was now staying at the Paramount Motel, Room 3, 2220 Milford Rd., East Stroudsburg, PA. Luce and the CI made arrangements for the CI to purchase an "eight-ball" of methamphetamine from Luce later that day. The CI was taken to the Paramount Motel where an undercover officer dropped the CI off and

observed the CI enter Room 3 of the motel. The CI had been searched and given pre-recorded buy money prior to being dropped off at the motel. Three minutes later, the CI exited the room and gave the undercover a bag of methamphetamine which the CI purchased from Luce.

The CI stated that there were other individuals in the hotel room, including a young girl, and a woman who the CI observed shooting heroin in the hotel room bathroom. Three cars were also observed parked outside the room, including one belonging to Marli Plattenburg, (PA # LLY2948 2004 Hyundai Sante Fe) who the CI identified as the woman shooting heroin.

### THIRD RECORDED BUY

On February 22, 2021, again arranged with Luce to purchase methamphetamine via recorded call. Luce and the CI made arrangements for the CI to purchase an "eight-ball" of methamphetamine from Luce at the Paramount Hotel. The CI was taken to the Paramount Motel where an undercover officer dropped the CI off and observed the CI enter Room 3 of the motel. The CI had been

searched and given pre-recorded buy money prior to being dropped off at the motel. Three minutes later, the CI exited the room and gave the undercover a bag of methamphetamine which the CI purchased from Luce. The CI's purchase from Luce inside the motel was recorded.

## CI #2

On February 18, Det. Lippincott and Det. Orlando from the MCDA, conducted an interview with CI#2 at the Monroe County Correctional Facility. In sum and substance, CI #2 informed them that, in December of 2020, the CI began to buy 10-20 bags of heroin from Luce every day and that LUCE's heroin was bagged in blue bags. The CI further informed the detectives that the CI also purchased methamphetamine from Luce for the purposes of resale. The CI also provided text messages from Luce regarding drug purchases.

## SEARCH WARRANT

On February 23, 2021, Det. Lippincott, aided by other law enforcement officers, including the Monroe County SWAT team, executed a federal search warrant at the Paramount Motel, Room 3, 2220 Milford Rd., East Stroudsburg, PA. Luce was present inside the

room, along with defendant William K. Parfaite, a/k/a "Kenny" ("Parfaite") and 5 other individuals. Parfaite had approximately $1300 found on his person, including the pre-recorded buy money from the February 22, 2021, controlled purchase, as well as the motel room key. No other individuals had any cash on them.  The following items were recovered from inside the motel room:[2] Approximately 8 grams of heroin from bags in various locations throughout the room, including the bathroom; approximately 17 grams of methamphetamine in various locations throughout the room, including the bathroom;  a ledger recording sales, debts, and phone numbers, including the "cash app" username and password for Parfaite; numerous bags containing drug paraphernalia, mainly needles but also empty bags; and numerous cellphones.

After the execution of the search warrant, investigators interviewed all the individuals found therein.  During the course of those interviews, defendants Luce and Parfaite were implicated as distributors of methamphetamine and heroin from the motel room.  The

---

[2] This list is just a summary of some of the items found in the room and not an exhaustive inventory.

amount of controlled substances, types of controlled substances, and length of time that the defendants agreed to distribute the controlled substances was determined to be above 50 gams or more of methamphetamine and 100 grams or more of heroin, and to have started almost immediately upon both the defendant's release from prison in 2020 for Luce and in January 2021 for Parfaite.

During the course of the interviews, the owners of the above-described cellphones were also identified.[3] An extraction report from the above-described telephones shows that defendants Luce and Parfaite communicated to each other and with other individuals, both known and unknown to the Government, about the distribution of controlled substances, including methamphetamine and heroin. These text and Facebook communications also showed that Luce and Parfaite had conspired to possess with intent to distribute and to distribute controlled substances. In particular, the communications shows that Parfaite would purchase quantities of controlled substances from Luce directly, or from a common source, "Mikey' who resided in the Fox Hill

---

[3] The identity of the cellphones owners was confirmed by records found on the phones' extraction reports.

area Stroudsburg, Monroe County, Pennsylvania for resale or distribute. Parfaite would also introduce customers to Luce after which Luce would continue to supply said customers with controlled substances.

Defendant Luce's Criminal History[4]

1. On November 7, 2007, the defendant Luce pleaded guilty to Aggravated Assault and Recklessly Endangering Another Person in the Monroe County Court of Common Pleas.  Defendant Luce was sentenced on March 13, 2008 to between 2 years and 6 months to five years imprisonment. [5]
2. On December 10, 2019, defendant Luce pleaded guilty to Criminal Trespass in the Monroe Count Court of Common Pleas and was sentenced to between 16 to 48 months of imprisonment.

---

[4] In addition to the listed offenses, defendant Luce has other misdemeanor convictions which the Government is not seeking to introduce should Defendant Luce testify.

[5] The Government is only seeking to impeach defendant Luce on the fact of this conviction and not the crime of conviction.

    3. On December 10, 2019, defendant Luce pleaded guilty to Burglary and was sentenced to 2 years' probation.

    4. At the time of the alleged offenses charged in the Indictment, defendant Luce was on state probation.

Defendant Parfaite's Criminal History[6]

    1. On February 14, 2012, defendant Parfaite pleaded guilty to Conspiracy to commit Criminal Trespass. Defendant Parfaite was sentenced on March 30, 2012, to one month imprisonment and 12 months of probation. On February 28, 2013, defendant Parfaite was re-sentenced to 6 months imprisonment for a probation violation.

    2. On August 27, 2014, defendant Parfaite pleaded guilty to Theft by Unlawful Taking (Third Degree Felony) and was sentenced to between 3 months to 1 year in prison.

---

[6] In addition to the listed offenses, defendant Parfaite has other misdemeanor convictions which the Government is not seeking to introduce should Defendant Parfaite testify.

3. On May 30, 2019, defendant Parfaite was sentenced to between 4 to 12 months imprisonment in the Monroe County Court of Common Pleas after a conviction for Theft by Unlawful Taking. Defendant Parfaite received immediate parole and 1 year of probation supervision.

4. On July 16, 2019, defendant Parfaite was sentenced to between 2 to 36 months imprisonment after a conviction for Receiving Stolen Property in the Monroe County Court of Common Pleas.

5. At the time of the alleged offenses charged in the Indictment, defendant Luce was on state probation.

## II. ARGUMENT

### A. Evidence of the Defendants' Prior Convictions Should be Admitted to Impeach them Should they Take the Stand Pursuant to Federal Rule of Evidence 609

Federal Rule of Evidence 609 provides in pertinent part:

Impeachment by Evidence of a Criminal Conviction

(a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:

(1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:

(B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant.

The Third Circuit has recognized four factors when weighing the probative value against the prejudicial effect under this test. These factors include: "(1) the kind of crime involved; (2) when the conviction occurred; (3) the importance of the [defendant's] testimony to the case; [and] (4) the importance of the credibility of the defendant." *Gov't of Virgin Islands v. Bedford,* 671 F.2d 758, 761 n. 4 (3d Cir. 1982).

> **1)   Should the defendants testify, the Government should be permitted to impeach them, pursuant to F.R.E. 609, with their timely previous felony convictions and probation status at the time of alleged offenses in the Indictment**

The probative value of this impeachment evidence undoubtedly outweighs any potential for unfair prejudice and it is clear this evidence must be admitted pursuant to Federal Rule of Evidence 609. The convictions themselves are probative and not of a prejudicial nature. Additionally, the convictions are not old and demonstrate a continuing

12

history of criminal behavior. Finally, and most importantly, all of these offenses, except the 2008 aggravated assault conviction to which the Government is only seeking the fact of the conviction, by their nature, involve some sort of dishonesty.

First Factor - The kind of crime involved

In this case, the relevant convictions involve criminal trespass, conspiracy to commit criminal trespass, theft, burglary, and receiving stolen property.[7] Therefore, none of the charges themselves are prejudicial as they are not sex crimes, crimes against vulnerable victims, or offenses involving serious or grievous bodily harm.

The Third Circuit and other courts have held on multiple occasions that crimes related to theft, burglary, and receiving stolen property are probative of the defendant's credibility. *United States v. Caldwell*, 760 F.3d 267, 286(3d Cir. 2014)("The impeachment value relates to how probative the prior conviction is to the witness's character for truthfulness. Crimes of violence have lower probative

---

[7] As noted above, the Government is not seeking to impeach defendant Luce on the type of crime in his 2008 conviction for Aggravated Assault and Reckless Endangerment, only as the fact of that conviction.

13

value in weighing credibility…in contrast, crimes that by their nature imply some dishonesty, such as theft, have greater impeachment value and are significantly more likely to be admissible.") Citing *Weinstein's Federal Evidence* §609.6[3][b](2d ed. 2011); *See U.S. v Johnson*, 388 F.3d 96 (3d Cir. 2004 (theft); *United States v Jacobs*, 44 F.3d 1219 (3d Cir. 1995)(burglary); *see also United States Xpress Enters. V. J.B. Hunt Transp.* 320 F.3d 809 (8th Cir. 2003)(receiving stolen property); *but see Caldwell* at n.12 (Prior conviction for trespass was not admitted by District Court Judge). Also, prior convictions for crimes that are dissimilar to the offenses charged, as they are here where the defendants are charged with drug trafficking offenses, are also more likely to be more probative than prejudicial to the defendants. *See Caldwell* at 287; *see also United States v. Sanders*, 964 F.2d 295 (297-298)(4th Cir. 1992).

    In the alternative, if the Court finds that the balancing test in this case is close, the Government would seek to introduce only the facts of the above-described convictions, and not the crimes of conviction, thereby reducing any concerns about undue prejudice. *See Schmude v. Tricam Industries, Inc.*, 556 F.3d 624, 627-628 (7th Cir. 2009).

Second Factor - When the conviction occurred

All of the above-described convictions took place well within the 10-year provision contemplated by Federal Rule of Evidence 609(b). The oldest conviction, defendant Luce's 2008 conviction aggravated assault and reckless endangerment conviction, is still within the ten-year rule due to Luce's confinement on that conviction to within ten years of the start of the charged conspiracy in this case. The increased frequency of recent convictions, within a year or two of the alleged conduct in this case, also highlights that their importance on demonstrating the defendant's credibility. "The probative value of an older conviction may remain undiminished if the defendant was recently released from confinement or has multiple intervening convictions, both of which could suggest his character has not improved." *Caldwell* 287.

Secondly, both defendants were still on probation while they committed these offenses. In fact, both defendants had been released from jail within weeks of joining this conspiracy, Luce in the fall of 2020, and Parfaite in January of 2021. This almost immediate continuation of criminal activity after release from confinement and

15

while upon state probation supervision goes directly to the defendant's truthfulness. *See United States v. Diaz, 2017* U.S. Dist LEXIS 94574(M.D.Pa. June 20, 2017)(J. Mannion (probative value of conviction increased when defendant had not completed his sentence for the offense).

Third Factor - The importance of the defendant's testimony to the case

Due to the nature of the evidence in this case, particularly as to the possession of the controlled substances found in the motel room shared by numerous individuals besides the defendants, the defendants could raise a defense without the need to testify on their own behalf. However, given the elements of the conspiracy charged in the Indictment, it is is unlikely that anyone other than the defendants could raise a defense as to the existence of their agreement and their knowledge of the object of that agreement, namely to distribute controlled substances. The Government acknowledges that "the tactical need for the accused to testify on his or her own behalf may militate against use of impeaching convictions." *Caldwell* at 287. If the Court would find that the defendants' testimony is necessary to the case, it must still balance that against the final factor as, "the importance of

the witness's testimony and the importance of credibility to the claim at hand, overlap." *Sharif v. Picone*, 740 F.3d 263, 273 (3d Cir. 2014).

Fourth Factor - The importance of the credibility of the defendant

If they chose to testify, the defendants will undoubtedly attempt to claim that they had no knowledge of the drugs found in the motel room, or sold from the motel room, or to the myriad of communications made by the defendants concerning drug transactions. In weighing that testimony, the jury should not be denied the knowledge of their past criminal conduct. Therefore, there is great importance to the credibility of the defendants.

The Third Circuit has stressed in numerous opinions that prior convictions should be admitted for impeachment when the defendant's credibility is an important aspect of the case. "When the defendant's credibility is a central issue, this weighs in favor of admitting a prior conviction." *Caldwell at 288.* "Where a case is reduced to a swearing contest between witnesses, the probative value of conviction is increased." (Id.)

17

## III. <u>CONCLUSION</u>

The Government should be permitted to impeach the Defendants with the fact of their prior felony convictions, if they choose to testify on their own behalf, under Federal Rule of Evidence 609(a)(1)(B).

                        Respectfully submitted,

                        BRUCE D. BRANDLER
                        Acting United States Attorney

                        <u>/s/ James M. Buchanan</u>

Dated:  October 7, 2021         JAMES M. BUCHANAN
                        Assistant U.S. Attorney
                        235 N. Washington Ave, Ste. 311
                        Scranton, PA 18503
                        (570) 348-2812 (office)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 3:21-CR-056 |
| | ) | |
| v. | ) | (Judge Mannion) |
| | ) | |
| MATTHEW LUCE, a/k/a "Luck," | ) | (Filed Under Seal) |
| WALTER KENNETH PARFAITE, | ) | |
| a/k/a "Kenny" | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 7th day of October 2021, she served a copy of:

**GOVERNMENT'S BRIEF IN SUPPORT OF ITS MOTION IN LIMINE TO ADMIT CRIMINAL HISTORY PURSUANT TO FEDERAL RULE OF EVIDENCE 609**

by ECF filing upon:

Brandon R. Reish, Esquire
Carl J. Poveromo, Esquire


        /s/ Christina Nihen
        CHRISTINA NIHEN
        Legal Assistant