UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | :  CRIMINAL NO. 3:21-56 |
| WALTER KENNETH PAFAITE, | :  (JUDGE MANNION) |
| Defendant | : |

### MEMORANDUM

Presently before the court is the October 7, 2021 motion *in limine* filed by the government, pursuant to Federal Rule of Evidence 609, seeking to introduce evidence of defendant Walter Kenneth Parfaite's, a/k/a "Kenny", prior felony convictions for impeachment purposes if he testifies at trial. **(Doc. 37)**. Defendant, through his counsel, opposes the motion. (Doc. 41). For the reasons set forth below, the government's motion *in limine* will be **GRANTED IN PART**, and **DENIED IN PART**.

I.  BACKGROUND

Parfaite is charged with three counts in a 7-count Indictment, to wit: Count 1, Conspiracy to Distribute Methamphetamine and Heroin, in violation of 21 U.S.C. §846; Count 6, Possession with Intent to Distribute Methamphetamine, in violation of Title 21 U.S.C. §841(a)(1); and, Count 7,

Possession with Intent to Distribute Heroin, in violation of Title 21 U.S.C. §841(a)(1). (Doc. 1).

On October 12, 2021, the government filed its motion *in limine* along with its brief in support. (Docs. 37 & 38). On October 15, 2021, Parfaite filed his brief in opposition to the government's motion. (Doc. 41). The matter is now ripe for the court's review.

The final pre-trial conference in this case is scheduled for April 8, 2022, and the trial is set for May 9, 2022.

**II.    STANDARD**

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." United States v. Tartaglione, 228 F.Supp.3d 402, 406 (E.D. Pa. 2017). On a motion *in limine*, evidence should only be excluded "when the evidence is clearly inadmissible on all potential grounds." *Id.* Evidentiary rulings on motions *in limine* are subject to the trial judge's discretion and are therefore reviewed for an abuse of discretion. Abrams v. Lightolier, Inc., 50 F.3d 1204, 1213 (3d Cir. 1995); Bernardsville Bd. of Educ. v. J.H., 42 F.3d 149, 161 (3d Cir. 1994). "The Court is vested with broad inherent authority

to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial." Ridolfi v. State Farm Mutual Auto. Ins. Co., 2017 WL 3198006, *2 (M.D. Pa. July 27, 2017). Further, "[c]ourts may exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence." *Id.*

"A trial court considering a motion *in limine* may reserve judgment until trial in order to place the motion in the appropriate factual context." Tartaglione, 228 F.Supp.3d at 406. "Further, a trial court's ruling on a motion *in limine* is 'subject to change when the case unfolds, particularly if actual testimony differs from what was contained in the movant's proffer.'" *Id*. (quoting Luce v. United States, 469 U.S. 38, 41, 105 S.Ct. 460 (1984)).

### III.   DISCUSSION

The government seeks to introduce evidence of defendant Parfaite's prior felony convictions under Rule 609(a)(1)(B).[1]

---

[1] The government's motion *in limine* also included the prior convictions of Parfaite's co-defendant in the Indictment, Matthew Luce, a/k/a "Luck". However, Luce pled guilty on November 12, 2021, to all seven counts in the Indictment. (Doc. 53). Luce is currently waiting to be sentenced. The court also notes that for present purposes only it incorporates herein by reference the lengthy factual background of this case which is detailed in the government's brief. (Doc. 38 at 1-9).

Federal Rule of Evidence 609 pertains to the use of a witness's prior convictions for impeachment purposes and provides:

> The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
> (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant[.]

Fed.R.Evid. 609(a)(1)(B).

No doubt that "Rule 609 permits evidence of a prior felony conviction to be offered to impeach a testifying witness. However, when the testifying witness is also the defendant in a criminal trial, the prior conviction is admitted only 'if the probative value of the evidence outweighs its prejudicial effect to that defendant.'" United States v. Caldwell, 760 F.3d 267, 286 (3d Cir. 2014) (citing Fed.R.Ev. 609(a)(1)(B)). The Third Circuit has held that this Rule "reflects a heightened balancing test" with a "predisposition toward exclusion" and, that "[a]n exception [to exclusion of the evidence] is made only where the prosecution shows that the evidence makes a tangible contribution to the evaluation of credibility and that the usual high risk of unfair prejudice is not present." Id. (citation omitted). "When offering a prior

conviction to impeach a testifying defendant, the government bears the burden of satisfying the heightened balancing test set out in Fed.R.Evid. 609(a)(1)(B)." Caldwell, 760 F.3d at 289.

The Third Circuit has "recognized four factors that should be considered when weighing the probative value against the prejudicial effect under this heightened test." *Id*. at 286. The four factors are: "(1) the kind of crime involved; (2) when the conviction occurred; (3) the importance of the [defendant's] testimony to the case; [and] (4) the importance of the credibility of the defendant." *Id*. at 286 (citing Virgin Islands v. Bedford, 671 F.2d 758, 761 n. 4 (3d Cir. 1982)).

"The Government bears the burden of demonstrating the probative value of the prior conviction outweighs its prejudicial effect." United States v. Wilson, 2016 WL 2996900, *2 (D. N.J. May 23, 2016) (citing Bedford, 671 F.2d at 761). "The defendant is then permitted to rebut the Government's presentation, explicating the potentiality for unfair prejudice from admission of the evidence." *Id*. (citation omitted)

Defendant Parfaite's relevant prior convictions which the government seeks to use to impeach him if he testifies, (*see* Doc. 37 at 4-5), are as follows:[2]

> 1) On February 14, 2012, defendant Parfaite pleaded guilty to Conspiracy to commit Criminal Trespass. Defendant Parfaite was sentenced on March 30, 2012, to one month imprisonment and 12 months of probation. On February 28, 2013, defendant Parfaite was re-sentenced to 6 months' imprisonment for a probation violation.
>
> 2) On August 27, 2014, defendant Parfaite pleaded guilty to Theft by Unlawful Taking [Movable Property] (Third Degree Felony) and was sentenced to between 3 months to [23 months] in prison.
>
> 3) On May 30, 2019, defendant Parfaite was sentenced to between 4 to 12 months' imprisonment in the Monroe County Court of Common Pleas after a conviction for Theft by Unlawful Taking [Movable Property]. Defendant Parfaite received immediate parole and 1 year of probation supervision.
>
> 4) On July 16, 2019, defendant Parfaite was sentenced to between [12] to 36 months' imprisonment after a

---

[2]The government notes, (Doc. 38 at 10 n. 6), that Parfaite has other misdemeanor convictions which it is not seeking to introduce if Parfaite testifies at trial. It also appears that the government's instant motion is in compliance with Rule 609(b)(2) by providing written notice to defense counsel of Parfaite's prior convictions it seeks to impeach him with if he testifies.

      conviction for Receiving Stolen Property ["RSP"] in the Monroe County Court of Common Pleas.³

Initially, as of the scheduled trial date of May 9, 2022, Parfaite's conviction for conspiracy to commit criminal trespass, number 1 above, will be more than 10 years old and not permitted under Fed. R. Cr. P. 609(b)(1). Because the other three convictions provide the government with ample evidence to challenge the defendant's credibility should he testify, this conviction will not be allowed as its probative value is outweighed by its prejudicial effect.

The court will now consider all of the <u>Bedford</u> factors with respect to defendant Parfaite's remaining three prior theft-related convictions, numbers 2, 3 and 4 listed above.

---

³The court takes judicial notice of the defendant's prior convictions since the criminal dockets are public state court records. *See* https://ujsportal.pacourts.us/Report/CpDocketSheet. Parfaite also lists his prior convictions in his opposition brief, (Doc. 41 at 4-5). The court notes that the correct sentence Parfaite received for his RSP conviction (number 4) was 12 months to 36 months imprisonment and not "2 to 36 months" as the government states, and his correct sentence for his theft by unlawful taking conviction (number 2) was 3 months to 23 months imprisonment, and not "3 months to 1 year in prison", as the government states. The court also notes that the government indicates that it will seek to introduce evidence to show that "[a]t the time of the alleged offenses charged in the Indictment, defendant [Parfaite] was on state probation."

In considering the first factor regarding the kind of crime involved, "courts consider both the impeachment value of the prior conviction as well as its similarity to the charged crime." Caldwell, 760 F.3d at 286. "The impeachment value relates to how probative the prior conviction is to the witness's character for truthfulness." *Id*. "With respect to the similarity of the crime to the offense charged, the balance tilts further toward exclusion as the offered impeachment evidence becomes more similar to the crime for which the defendant is being tried." *Id*. "Generally, where the crime is punishable by a sentence of more than one year imprisonment, or if the crime involved required proof of a dishonest act or false statement by the witness, such evidence must be admitted for impeachment purposes." Klatch-Maynard v. Sugarloaf Tp., 2013 WL 1789744, *3 (M.D. Pa. April 26, 2013) (citing Fed.R.Evid. 609; Green v. Bock Laundry Mach. Co., 490 U.S. 504, 527, 109 S.Ct. 1981, 104 L.Ed.2d 557 (1989)). When considering this factor, "the court asks whether the past conviction involved dishonesty, false statements, or any other offense in the nature of *crimen falsi*." *Id.* at *4 (citing Walker v. Horn, 385 F.3d 321, 334 (3rd Cir. 2004)). "Crimes of this nature are believed to have a high value of impeachment—the only proper purpose

served by admitting past convictions—because they bear directly on a witness's propensity to testify truthfully." *Id.* (citations omitted).

Defendant Parfaite's prior convictions at issue are two Pennsylvania state felony convictions for theft by unlawful taking movable property, under 18 Pa.C.S. §3921(a), and one state felony conviction for receiving stolen property, under 18 Pa.C.S. §3925. All three convictions occurred well within the past ten years.

Under Pennsylvania law, a person is guilty of theft by unlawful taking in violation of 18 Pa.C.S. §3921(a), "if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof."

Under Pennsylvania law, 18 Pa.C.S. §3925(a), a person is guilty of receiving stolen property if he "intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner."

No doubt that theft can be committed if a defendant unlawfully takes property of another and, a crime for RSP can be committed if a defendant has received, retained or disposed of movable property believing that is has

- 9 -

probably been stolen, and that these are the types of crime that involve dishonesty. *See* United States v. Wilson, 2016 WL 2996900, *3 (D. N.J. May 23, 2016)); Jackson v. City of Pitts., 2010 WL 2511380, *4 (W.D. Pa. June 17, 2010). However, that even though his prior theft and RSP crimes do not have any similarity to the instant drug trafficking conspiracy charge, Parfaite maintains that under FRE 403 the probative value of the evidence regarding his convictions is substantially outweighed by its prejudicial effect.

The government contends that Parfaite's theft and RSP are probative of the defendant's credibility and are crimes that by their nature imply dishonesty. It is clear that "a defendant's conviction for the crime of receiving stolen property has been admitted for impeachment purposes, because deceit and dishonesty are at the core of this crime." United States v. Guerrier, 511 F.Supp.3d 556, 563 (M.D. Pa. 2021) (quoting United States v. Wilson, 2016 WL 2996900, *3 (D. N.J. May 23, 2016)). The government also contends that Parfaite's prior convictions for theft and RSP are dissimilar to the drug offenses charged, and are more probative than prejudicial to the defendant.

As the court in Wilson, 2016 WL 2996900, at *3, explained:

First, [Defendant's prior conviction for receiving stolen property] is not similar in nature to the instant offense of unlawful possession of a

weapon, which diminishes the prejudice and the risk that the jury may draw impermissible propensity inferences. *See* Caldwell, 760 F.3d at 286-87. Second, that conviction is one that, by its nature, implies dishonesty. Defendant pleaded guilty to receiving stolen property in violation of N.J. Stat. Ann. §2C:20-7, which provides: "A person is guilty of theft if he knowingly receives or brings into this State moveable property of another knowing that it has been stolen, or believing that it is probably stolen." Deceit and dishonesty are at the core of this crime; the fact that Defendant knowingly received property that he knew or believed to be stolen has probative value for impeachment purposes. Gordon [v. United States], 383 F.2d [936] at 940 [(D.C. Cir. 1967)] ("In common human experience acts of deceit, fraud, cheating, or stealing, for example, are universally regarded as conduct which reflects adversely on a man's honesty and integrity."). Accordingly, the first Bedford factor weighs in favor of admitting Defendant's prior conviction for receiving stolen property.

Based on the nature of Parfaite's two theft convictions and one RSP conviction, they involve an attempt to conceal proper ownership of the property as well as acts of stealth and deception that have substantial probative value. *See* United States v. Blakeslee, 2010 WL 1416840, at *2 (M.D. Pa. April 5, 2010) ("Crimes of stealth, such as theft or burglary, have also been found to reflect a significant lack of credibility.").

The court finds that the balance of the first Bedford factor weighs in favor of admissibility regarding the two theft and the RSP crimes which have greater impeachment value since they imply dishonesty.

The second Bedford factor, the age of the prior convictions also appears to weigh in favor of admissibility as to convictions numbers 2, 3 and 4, listed above, since these convictions occurred within the ten year period.

As such, the second factor weighs in favor of allowing the government to impeach Parfaite with his theft and RSP convictions, numbers 2, 3 and 4, if he testifies.

"The third factor inquires into the importance of the defendant's testimony to his defense at trial." Caldwell, 760 F.3d at 287. "If it is apparent to the trial court that the accused must testify to refute strong prosecution evidence, then the court should consider whether, by permitting conviction impeachment, the court in effect prevents the accused from testifying." Id. (citation omitted). Thus, "[i]f a defendant's testimony is important to his defense, this factor weighs against admitting a prior conviction." Wilson, 2016 WL 2996900, *3 (citation omitted). However, "[if] the defense can establish the subject matter of the defendant's testimony by other means, the defendant's testimony is less necessary, so a prior conviction is more likely to be admitted." Caldwell, 760 F.3d at 288 (citation omitted).

In its brief, (Doc. 38 at 16), the government states that:

> Due to the nature of the evidence in this case, particularly as to the possession of the controlled

>
> substances found in the motel room shared by numerous individuals besides the defendants, the defendants could raise a defense without the need to testify on their own behalf. However, given the elements of the conspiracy charged in the Indictment, it is [] unlikely that anyone other than the defendants could raise a defense as to the existence of their agreement and their knowledge of the object of that agreement, namely, to distribute controlled substances. The Government acknowledges that the tactical need for the accused to testify on his or her own behalf may militate against use of impeaching convictions." Caldwell at 287.

Therefore, the jury may be asked to choose between Parfaite's version of events and the events described by the government's witnesses, including both lay and law enforcement witnesses. The credibility of these witnesses will be crucial to establishing the government's case, as well as the defendant's defense. Thus, as Parfaite contends, his testimony in this case may be important to demonstrate the validity of his defense and it may be "fundamentally important to his defense." Caldwell, 760 F.3d at 289. As such, the court will balance the third factor as weighing against the admission of defendant's prior theft and RSP convictions. *See* Taylor, 2018 WL 5832049, *5; Guerrier, 511 F.Supp. 3d at 565.

"The [fourth] factor concerns the significance of the defendant's credibility to the case. 'When the defendant's credibility is a central issue,

this weighs in favor of admitting a prior conviction.'" Caldwell, 760 F.3d at 288 (citation omitted). "Where a case is reduced to a swearing contest between witnesses, the probative value of conviction is increased." *Id*. (citation omitted). Defense counsel contends that if Parfaite chooses to testify, "[g]iven the strength of the Government's evidence, it is highly unlikely the testimony of Parfaite will create a credibility contest between him, and the numerous witnesses presented by the Government", and that "[i]f Parfaite testifies, his credibility may be important to the case." Thus, he contends that "the significance of Parfaite's credibility does not weigh strongly in favor of admitting his prior convictions." (Doc. 41 at 8).

In this case, the testimony of Parfaite will create a credibility contest between the defendant and the government's witnesses, as detailed above. It will create an issue as to whether Parfaite conspired with Luce and others to distribute controlled substances. As the government states, (Doc. 38 at 17), "[i]f [he] chose[s] to testify, [Parfaite] will undoubtedly attempt to claim that [he] had no knowledge of the drugs found in the motel room, or sold from the motel room, or to the myriad of communications made by [he and Luce] concerning drug transactions." The jury will have to decide between the defendant's version of events and those provided by the witnesses

presented by the government. Also, if defendant testifies, he places his credibility directly at issue notwithstanding the relevance of his testimony. See United States v. Beros, 833 F.2d 455, 463-64 (3d Cir. 1987). Thus, the credibility of all of the witnesses will be crucial to establish the government's case as well as defendant's defenses.

As such, the court finds that the fourth Bedford factor weighs in favor of admitting Parfaite's prior theft and RSP convictions. See Cooper, 2021 WL 3732789, *8 (after first two factors weighed in government's favor, the court allowed government to impeach defendant's credibility if he testified since "the third and fourth factors essentially cancel each other out.").

Thus, three of the four Bedford factors weigh in favor of allowing the government to use Parfaite's prior felony convictions numbers 2, 3 and 4 to impeach his credibility if he testifies at trial. The court finds that the government has met its burden of showing that the probative value of defendant's three stated prior convictions outweighs their prejudicial effect under Fed.R.Ev. 609(a)(1)(B). Additionally, the government's use of defendant's stated prior convictions will be limited to cross-examination, if he testifies. See Cooper, 2021 WL 3732789, *8 (holding that if defendant "testifies at trial, the Government may impeach his general credibility with the

fact of his prior conviction and the nature of the crime.") (citing United States v. Jacobs, 44 F.3d 1219, 1224 n. 6 (3d Cir. 1995) ("Case law firmly establishes that it is proper to admit evidence of the type of felony involved in a prior conviction used for impeachment under Fed.R.Evid. 609(a)(1).").

No doubt that courts have allowed the government to refer to the nature of the defendant's prior felony convictions once they determined that the convictions were admissible for impeachment purposes under Rule 609(b)(1). Here, admission of Parfaite's three stated prior offenses are not too similar to the instant drug charges he faces, and it is not appropriate in this case for the government to sanitize the offenses by only referring to them as prior felony convictions.

However, in order to reduce any undue prejudice to Parfaite, the court will give a limiting instruction to the jury and direct the jury to consider the defendant's three stated prior convictions for impeachment purposes only. See United States v. Cherry, 2010 WL 3156529, *7 (E.D. Pa. Aug. 10, 2010) (The court found that a limiting jury instruction would mitigate any potential prejudice to defendant.); United States v. Greenidge, 495 F.3d 85, 98 (3d Cir. 2007) (holding that the "limiting instructions were a proper counter

measure to any improper uses of the evidence the jury may have been tempted to make").

IV.  **CONCLUSION**

Accordingly, the government's motion *in limine*, **(Doc. 37)**, will be **GRANTED**, with regard to the admissibility of defendant Parfaite's prior felony convictions for theft and RSP, numbers 2, 3 and 4, for impeachment purposes, if he testifies at trial. The government's motion *in limine*, **(Doc. 37)**, will be **DENIED** with regard to the admissibility of defendant Parfaite's prior felony conviction for conspiracy to commit criminal trespass, number 1, for impeachment purposes. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: March 21, 2022**
21-56-04